**Center for Disability Advocacy Rights (CeDAR), Inc.**
325 Broadway, Suite 203
New York, New York 10007
Tel. (212) 979-7575
Fax (212) 979-8778

CHRISTOPHER J. BOWES
EXECUTIVE DIRECTOR
DIRECT DIAL (212) 979-7575

December 3, 2020

Via ECF
Hon. Andrew E. Krause
Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

                Re:    Jones v. Saul
                      1:20-cv-07282 (VB)(AEK)

Dear Judge Krause:

      As the attorney for the plaintiff in the above captioned action, I write to respond to the Court's December 1, 2020 Order directing the undersigned to file proof of service in this matter.

      I am not yet able to file proof of service due to delays at the United States Postal Service. The complaint was filed in this case on September 5, 2020 and the Clerk of the Court issued the summon on September 8, 2020. On November 13, 2020, I mailed copies of the summon and complaint to the Commissioner of Social Security, the United States Attorney for the Southern District of New York, and the Attorney General. The United States Attorney received service on November 23, 2020 and the Attorney General received service on November 30, 2020. However, the United States Postal Service tracking service indicates that the mail addressed to the Commissioner of Social Security, at 26 Federal Plaza, is delayed.

      The Postal Service may yet deliver the summons and complaint tomorrow, in which case I will be able to file the proof of service within 90 days of the complaint. However, there is a good chance that the delivery may be further delayed, in which case I respectfully request that the Court extend my time to serve the Commissioner of Social Security to December 14, 2020.

      Pursuant to Fed. R. Civ. P. § 4(m), if service is not made within 90 days, the Court must either "dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time ..." Id.  If the plaintiff shows "good cause" for the failure to effect service, the court "shall extend the time for service for an appropriate period." Id.  The courts have interpreted this provision to mean that the court must extend the time for service if the plaintiff shows good cause, and may extend the deadline, even if the plaintiff fails to show good cause, as a matter of judicial discretion. See Henderson v. United States, 517 U.S. 654, 662-63 (1996); Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 666-667 (D. Vt. 1996); Argentina v. Emery World Wide Delivery Corp., 167 F.R.D. 359, 363-64 (E.D.N.Y. 1996). See generally, MOORE'S FEDERAL PRACTICE - CIVIL §§ 4.82-83.

Hon. Andrew E. Krause  RE: <u>Jones v. Saul</u>
December 3, 2020  1:20-cv-07282 (VB)(AEK)

I submit that the delay by the United States Post Office constitutes good cause for failure to effect service. I cannot account for this delay. The United States Attorney' Office, which received service on November 23, 2020, is at 86 Chambers Street and 26 Federal Plaza is less than half a mile away. I cannot understand why one package was delivered within 10 days of mailing and another has still not been delivered.

I respectfully request, in any event, that the Court, as a matter of discretion, permit additional time for service in light of the relatively short delay in effectuating service upon the Commissioner of Social Security and the absence of any prejudice to the government. <u>See Valentin v. Commissioner of Social Security</u>, 2000 U.S. Dist. LEXIS 16948 (S.D.N.Y. 2000) (dismissal not appropriate, even where no good cause shown, unless Commissioner demonstrates that delay occasioned by plaintiff's attorney made it impossible to retrieve file and defend lawsuit). In this case, counsel for the defendant, the U.S. Attorney for the Southern District of New York, and the Attorney General have been served within the 90-day period and I do not anticipate that the delay in independently serving the Commissioner of Social Security has caused any actual delay.

Accordingly, I respectfully request permission to file a motion extending plaintiff's time for effectuate service of the summons and complaint. I will file proof of service of the summons and complaint once I receive conformation of service on the Commissioner of the Social Security Administration. I respectfully request that the Court extend such time to and including December 14, 2020.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

<u>*Christopher J. Bowes, Esq.*</u>
Christopher J. Bowes, Esq.

---

The letter motion for an extension of time to serve the complaint (ECF No. 8) is GRANTED. Plaintiff indicates that the summons and complained was "mailed," but did not specifically state that the summons and complaint was sent by registered or certified mail to the Social Security Administration (SSA), as required by Rule 4(i)(2) of the Federal Rules of Civil Procedure (FRCP). If the summons and complaint was NOT sent by registered or certified mail already, Plaintiff is directed to re-send the summons and complaint via the appropriate means by no later than December 14, 2020, and then file a certificate of service that includes all relevant facts regarding service, including the date of the new mailing to the SSA and the tracking number for that package. If the summons and complaint already was sent to the SSA by registered or certified mail, then technically service was complete upon mailing, pursuant to Rule 5(b)(2)(C) of the FRCP. In that case, Plaintiff shall, by December 14, 2020, file a certificate of service setting forth all of the relevant facts regarding service, including the tracking number for the package that has not yet been delivered. Either way, the U.S. Attorney's Office (USAO) is directed to send a copy of the summons and complaint to the SSA via email to ensure that the SSA has received the summons and complaint. (Plaintiff must send a copy of this order to the USAO, since no attorney has yet entered an appearance for the Defendant.) Service will be deemed complete in this matter when the Plaintiff files the certificate of service in accordance with this order, and all future deadlines will be calculated from that date.
Dated: December 7, 2020

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge